IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIANA MEDINA, | ) | CASE NO. 1:14 CV 1077 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.     Nature of the case and proceedings**

Before me[1] is an action by Lilliana Medina under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 16. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 12.

[4] ECF # 13.

[5] ECF # 8.

[6] ECF # 15.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] In addition, the parties have participated in an oral argument.[10]

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Medina, who was 44 years old at the time of the administrative hearing,[11] completed the 12th grade in Puerto Rico, is able to communicate in English,[12] and has lived in the United States since 2005.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Medina had the following severe impairments: status post breast cancer, spinal disc disease, obesity, depression, posttraumatic stress disorder (PTSD), and sleep apnea.[14]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Medina's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.9267(b) except she is specifically limited to lifting and carrying up to 10 pounds frequently and 20 pounds occasionally, sitting, standing

---

[7] ECF # 17 (Medina's brief); ECF # 20 (Commissioner's brief).

[8] ECF # 18-1 at 3-9 (Medina's charts); ECF # 20-1 (Commissioner's charts).

[9] ECF # 18-1 at 1-2 (Medina's fact sheet).

[10] ECF # 22.

[11] ECF # 18-1 at 1.

[12] Transcript ("Tr.") at 32.

[13] *Id.* at 29.

[14] *Id.* at 27.

>and/or walking up 6 hours(in any combination in an 8 hour work day), occasional handling and fingering, low stress work(no production pace/ high quotas), occasional exposure to extremes of cold, and simple, routine, repetitive tasks.[15]

The ALJ decided that this residual functional capacity precluded Medina from performing her past relevant work as an assembler, paramedic, and sewer.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Medina could perform.[17] The ALJ, therefore, found Medina not under a disability.[18]

**C.    Issues on judicial review and decision**

Medina asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Medina presents the following issues for judicial review:

- Did the Commissioner err and render a decision that was not supported by substantial evidence by failing to find the conditions suffered by Medina to be severe impairments?

- Did the Commissioner err and render a decision that was not supported by substantial evidence by failing to properly evaluate a combination of the impairments suffered by Medina?

---

[15] *Id.* at 29.

[16] *Id.* at 32.

[17] *Id.* at 32-33.

[18] *Id.* at 33.

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standard of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standard**

After clarifying the issues at oral argument, and consistent with the points set out in her brief,[22] it is clear that Medina's central claims are that the ALJ erred in not recognizing her migraine headaches as a serious impairment at Step 2, and that the ALJ erred in not incorporating functional limitations related to those headaches into the RFC decision at Step 4.

Although Medina contends that her migraine headaches were the subject of "consistent and continuing complaints" over several years to Dr. Leonor Osorio, D.O., her treating physician,[23] an analysis of Dr. Osorio's treatment notes shows that while Dr. Osorio notes the presence of "migraine NEC"[24] on Medina's medical history of January 26, 2009,[25]

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] ECF # 17 at 9-11.

[23] *Id.* at 10.

[24] Migraine, Not Elsewhere Classified.

[25] Tr. at 386.

that same note mentions that because Medina's "tension headache" was apparently getting worse, an MRI of the brain was ordered.[26]

Yet, despite that action in January, in four subsequent visits in 2009, extending from January through August, migraine headaches is retained in Medina's medical history, but no mention is made of migraines as being a problem to be addressed, and no action is ordered.[27] It is not until November 2009 that "headaches" is given as the reason for a visit to Dr. Osorio,[28] and not until February 2010 that there is a reference to medication for such headaches, with a note that such medication is to be used "when necessary."[29]

Then, as the Commissioner observes, there appears to be an extended gap of almost two years between the notes on migraines in February 2010 and December 2011, when Medina complains of daily headaches[30] and is prescribed medication.[31] This is followed by another extended period of over a year without records of Medina seeking treatment for headaches, a period that ended in January 2013 when she was evaluated by Dr. Rami

---

[26] *Id.* at 387. The results of the scan, which compared the results with a prior scan done in 2008, showed "no acute intracranial process" and "no change" from the prior scan. *Id.* at 436.

[27] *Id.* at 390, 394, 398, 403.

[28] *Id.* at 407.

[29] *Id.* at 416-17.

[30] *Id.* at 1077.

[31] *Id.* at 1079.

Hachwi, M.D., upon referral from Dr. Osorio because of complaints of headaches.[32] Dr. Hachwi ordered another brain MRI and directed her to keep a diary of headache symptoms.[33] On Medina's follow-up visit with Dr. Hachwi in April 2013, he informed her that the MRI was negative and prescribed Maxalt for the headaches, noting that Medina "used to respond well" to this medication but had stopped taking it because of problems with her insurance coverage, with such cessation then contributing to the worsening of her headaches.[34]

The 2013 treatment records cited above are all after the date of the administrative decision in this case, raising the issue of their relevance to a determination of disability for the period in question. Further, it appears that the significant, lengthy gaps in the medical record as to the headaches before the decision date, all noted above, would make it difficult to establish that any migraine condition predating the decision was of sufficient duration to serve as the foundation for a disability determination. Certainly, Medina has not provided any basis for establishing that the post-decision findings are relevant, nor for finding that the pre-decision history of migraines was of sufficient duration to support a finding of disability.

In sum, based on the record for the relevant time period, Medina has not shown that the ALJ erred in not finding migraine headaches to be a severe impairment at Step 2, and further for not incorporating any limitations due to migraines into the RFC at Step 4.

---

[32] *Id.* at 1257.

[33] *Id.* at 1258.

[34] *Id.* at 1261.

## Conclusion

Accordingly, substantial evidence supports the finding of the Commissioner that Medina had no disability. The denial of Medina's application is therefore affirmed.

IT IS SO ORDERED.


Dated: September 8, 2015                  s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge